# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Kristin Johannes,<br>　　　　Debtor | Chapter 13<br><br>Case No. 5:20-bk-1044-HWV |
| Kristin Johannes,<br>　　　　Objector<br><br>v.<br><br>Jefferson Capital Systems, LLC<br>　　　　Claimant | |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM 12

1. On May 21, 2020, Claimant filed a proof of claim at Claim 12 ("the Claim").

2. The amount of the Claim was for $2,472.87.

3. Shortly thereafter the Claim was filed, counsel for Debtor contacted Claimant and, pursuant to Bankruptcy Rule 3001(c)(3)(B), requested that Claimant provide a copy of the writings upon which the Claim is based.

4. Claimant did not provide Debtor with the requested information.

5. On July 22, 2020, Debtor filed a motion under Rule 3001(c)(3)(B), seeking entry of an order precluding Claimant from presenting any document other than Claim 12, and the attachments thereto, in any contested matter or adversary proceeding. (Doc. 25.)

6. On August 27, 2020, the Court granted that Motion. (Doc. 32.)

7. Debtor now files this objection seeking to have the Claim disallowed in its entirety under 11 U.S.C. § 502(b)(1).

8. In the Claim, Claimant indicated that the alleged debt was purchased from Synchrony Bank.

9. However, there was nothing attached to the Claim to indicate that Claimant had actually purchased a claim allegedly owed by Debtor. *See In re King*, No. 08-13152-SSM, 2009 WL 960766, at *5 (Bankr. E.D. Va. Apr. 8, 2009)("it is not sufficient that the debtor owes *someone* money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim.").

10. Rather, the document attached to the claim was just a generic Bill of Sale indicating that *some* accounts were sold by Synchrony Bank to Claimant, without providing any information about which accounts were actually sold.

11. The generic Bill of Sale is therefore not sufficient to establish that Debtor owes a claim to Claimant.

12. Additionally, even ignoring the fact that Claimant cannot demonstrate that it is the true owner of the alleged debt, the Claim should be disallowed because it would not be enforceable against the Debtor under state law.

13. Claimant did not attach a copy of the alleged credit card agreement between Debtor and Synchrony Bank.

14. Under state law, a credit card agreement must be attached to a complaint in order to satisfy the state's pleading requirements. *See* Pa. R. Civ. P. 1019(i). *See also Atl. Credit & Fin., Inc. v. Giuliana*, 2003 PA Super 259, 829 A.2d 340 (2003).

15. Because Claimant is not permitted to introduce any additional evidence in response to this objection (Doc. 32), its failure to have already provided the credit card agreement is fatal to its claim.

16. As Claimant cannot prove that Debtor owes *any* debt, and it cannot prove that, even if Debtor owes a debt, that Debtor owes a debt to *Claimant*, the Claim should be disallowed in its

Case 5:20-bk-01044-MJC  Doc 54-1  Filed 04/16/25  Entered 04/16/25 13:47:45  Desc
Exhibit Main Objection to Claim  Page 2 of 3

entirety. *See generally Nicholson v. eCAST Settlement Corp.*, 602 B.R. 295 (Bankr. M.D. Pa. 2019).

WHEREFORE, Debtor respectfully requests that the Court disallow Claim 12 in its entirety, and for such other relief as the Court deems just and proper.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Debtor
SABATINI FREEMAN, LLC
216 N. Blakely St.
Dunmore, PA 18512
P: (570) 341-9000
F: (570) 504-2769
bfecf@bankruptcypa.com

3

Case 5:20-bk-01044-MJC  Doc 54-1  Filed 04/06/22  Entered 04/06/22 11:07:05  Desc
Exhibit Main Document to Claim  Page 3 of 3