# SABATINI FREEMAN, LLC

CARLO SABATINI*
KRISTIN SABATINI
BRETT FREEMAN

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
Satellite Office: Wilkes-Barre 823-9000

February 18, 2021

Jefferson Capital Systems, LLC
PO Box 7999
St. Cloud, MN 56302-9617

      RE:   Kristin Johannes
            Docket No. 5:20-bk-01044-RNO
            United States Bankruptcy Court for the Middle District of PA

Dear Sir or Madam:

    I am writing to request that you withdraw the proof of claim that you filed at Claim 12 in the above-referenced bankruptcy case. As you are aware, the debtor sent you a written request pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(3)(B), asking for a copy of the writing upon which the claim was based. You did not comply with that request. As a result, the Bankruptcy Court entered an order which prevents you from introducing any new documentation in response to, *inter alia*, an objection to your claim. A copy of that prelusion order is attached hereto.

    Debtor intends to file an objection to your claim. And, because you did not comply with the Debtor's Request under Rule 3001(c)(3)(B), and because you are unable to present any new documentation to support your claim, I fully expect that the Debtor will succeed on this objection. *See Nicholson v. eCAST Settlement Corp.*, 602 B.R. 295 (Bankr. M.D. Pa. 2019) and *In re Snedeker*, 2018 WL 3583047 (Bankr. M.D. Pa. July 25, 2018). Thus, I am asking that you withdraw your proof of claim, rather than require the Debtor to spend the time and money necessary to have the claim disallowed through a formal hearing.

    I believe it is almost certain that you would constitute a "debt collector" as that term is defined in the Fair Debt Collection Practices Act. And, it is considered unfair and unconscionable for a debt collector to unduly prolong a legal proceeding by requiring a consumer to attend an unnecessary hearing. *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 138 (2d Cir. 2017). Of course, I recognize that Second Circuit authority is not binding in this jurisdiction. However, *Arias* has been followed by the United States District Court for the Middle District of Pennsylvania in *Destro v. Tsarouhis Law Grp., LLC*, 2019 WL 1327365 (M.D. Pa.

---

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

Mar. 25, 2019), a case which was litigated by my office. I expect that a court would likewise find it is unfair and unconscionable for a debt collector to refuse to withdraw a proof of claim when faced with an objection after the debt collector has ignored a request under Rule 3001(c)(3)(B) and the Bankruptcy Court has entered a preclusion order.

Also, please understand that it is my client's position that, notwithstanding *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017), the FDCPA would apply to a refusal to withdraw the claim in these circumstances. Recently, Judge Opel, the same bankruptcy judge overseeing the instant case, addressed the scope of *Midland Funding* in *In re Lewis*, 621 B.R. 626 (Bankr. M.D. Pa. 2020). There, the court held that *Midland Funding* did not bar a claim under different consumer protection statutes for post-petition conduct, even though the impetus for the consumer's claim was a creditor's amendment to a proof of claim. Likewise, Judge Frank in the Eastern District of Pennsylvania has allowed an FDCPA to proceed against a debt collector based on conduct relating to the actual filing of the proof of claim. *In re Bernadin*, 610 B.R. 787, 799 (Bankr. E.D. Pa. 2019). Based on this authority, my client believes that the FDCPA would apply to a post-petition refusal to withdraw a proof of claim where the debtor has made a request under Rule 3001(c)(3)(B) and the court has entered a preclusion order.

My client will hold off on filing an objection to your claim for 14 days, in order to give you an opportunity to withdraw the claim. If your withdrawal is filed within that 14-day period, then you may indicate that the withdrawal is made with the consent of the Debtor. If you have any questions, or would like to discuss this matter further, please contact me.

Sincerely yours,

Brett Freeman

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Kristin Johannes,<br><br>Debtor<br><br>Kristin Johannes,<br><br>Movant<br><br>Jefferson Capital Systems, LLC,<br><br>Respondent | Case No.<br>5:20-bk-01044-RNO<br><br>Chapter<br><br>13 |

### ORDER

Upon consideration of *Debtor's Rule 3001(C)(3)(B) Motion Against Jefferson Capital Systems LLC*, after hearing held on August 27, 2020, it is

ORDERED that the Motion is GRANTED; and,

FURTHER ORDERED that Jefferson Capital Systems LLC, is precluded from presenting, in any contested matter or adversary proceeding in this case, any document other than Claim 12 filed on May 21, 2020 and the attachments thereto.

Dated: August 27, 2020

By the Court,

*[signature]*

Robert N. Opel, II, Bankruptcy Judge BI

Case 5:20-bk-01044-RNO   Doc 32   Filed 08/27/20   Entered 08/27/20 14:36:14   Desc
Main Document   Page 1 of 1

Case 5:20-bk-01044-MJC   Doc 51-2   Filed 01/17/25   Entered 01/17/25 13:07:45   Desc
Exhibit B - Letter to Jefferson   Page 3 of 3