# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Mary Alice Schirg,<br>Debtor | Chapter 13 |
| Mary Alice Schirg,<br>Movant | Case No. 5:15-bk-05495-JJT |
| v. | |
| Midland Funding, LLC,<br>Respondent | |

## DEBTOR'S OBJECTION TO RESPONDENT'S PROOF OF CLAIM # 7

1. Respondent, Midland Funding, LLC ("Midland") filed Proof of Claim #7 and thereafter amended that claim on April 12, 2016 ("the Claim").

2. The Claim is in the amount of $418.84 and asserts that Respondent is the assignee of a Walmart-branded open credit account that Debtor owed to Synchrony Bank.

3. The Claim should be disallowed in its entirety. If the Court determines that the Claim is entitled to prima facie validity, Movant can rebut that presumption and Respondent will not be able to introduce evidence sufficient to meet its ultimate burden of persuasion.

4. The information provided in the Claim is contradictory.

5. In ¶ 7 of the main body of the proof of claim (Official Form 410), Midland asserts that the Claim does **not** "include interest or other charges":

> 7. How much is the claim? $418.84
> Does this amount include interest or other charges?
> ☒ No
> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

6. This statement is false.

7. The Claim clearly does include interest and other charges.

8. The Claim asserts that the date of the last transaction was November 18, 2014. (See Claim Attachment 1, p.4.)

9. The documentation attached to the Claim includes a document in the form of a credit card statement which asserts that the "last transaction" was a phone payment made on November 18, 2014. (See Claim Attachment 2, p. 5.)

10. Additionally, the documentation further asserts that after that phone payment was made the "New Balance" at the end of that statement cycle was $239.45. (*Id*.)

11. Of that $239.45, $25.00 was for "Fees Charged" and $4.12 was for "Interest Charges." (*Id*.)

12. Because no payments were made after the aforementioned charges were assessed, those charges remain part of the claim.

13. Thus, notwithstanding the assertion in ¶ 7 of the Official Form 410, the Claim clearly does include both interest and other charges.

14. Additionally, because the documentation asserts that no transactions were made after the end of the aforementioned statement cycle, to the extent that the $418.84 claim exceeds $239.45, the difference must be for "interest or other charges."

15. In other cases, Midland has taken the position that there is no interest or other charges on an open-ended credit account "because any interest, fees, expenses, or other charges had been capitalized into the principal." *Maddux v. Midland Credit Management, Inc. for Midland Funding, LLC*, 567 B.R. 489, 493 (Bkrtcy. E.D. Va. 2016)(appeal pending).

16. The *Maddux* court rejected that position, explaining that the 2005 case upon which Midland relied had been overruled in 2011 with the adoption of Rule 3001(c)(2). *Id.*at 493.

2

Case 5:20-bk-01044-MJC    Doc 51-4    Filed 01/17/25    Entered 01/17/25 13:07:45    Desc
Case 3:15-bk-03495-JJT    Doc 89    Filed 11/01/18    Entered 11/01/18 16:39:18    Desc
Exhibit D - Schira Objection    Page 2 of 4
Main Document    Page 2 of 4

17. After *Maddux* was decided in the Bankruptcy Court for the Eastern District of Virginia, Midland changed its practices there.

18. Midland's current policy is that if it files in that court a claim for a purchased revolving credit account, Midland *does* disclose that the claim includes interest or other charges.

19. For example, on October 30, 2018, Midland filed Claim 26 in Bankr. E.D. Va. docket 18-34316-KLP and asserted that interest or other charges were included in a claim of $605.62 that Midland was allegedly owed for a Synchrony Bank/Walmart account. See https://ecf.vaeb.uscourts.gov/doc1/188133379081.

20. However, Midland continues to file claims in this Court in which it asserts that revolving credit accounts do not include interest or other charges.

21. For example, on October 30, 2018, Midland filed Claim 11 in Bankr. M.D. Pa. docket 4:18-bk-03825-JJT and asserted that no interest or other charges were included in a claim of $454.93 that it was allegedly owed for a Synchrony Bank/Old Navy account. See https://ecf.pamb.uscourts.gov/doc1/154115349506.

22. Additionally, Midland has not sought to further amend the Claim.

23. Alternatively, Midland has failed to comply with Rule 3001(c). That rule requires a claimant to provide, upon written request, the documents upon which a claim is based. Despite request, Midland failed to provide those documents – including documents necessary to prove up the purported assignment of the claim from the original creditor to Midland.

24. Debtor filed a motion (Doc. 44) asking, *inter alia*, that Midland be precluded from using documents that had not been provided as of the date of the motion.

25. The parties thereafter entered into a stipulation to resolve that motion, and the stipulation was approved by this Court. (Doc. 88.)

3

26. The stipulation provided, *inter alia*, that:

> Midland Funding, LLC, is precluded from presenting, in any contested matter or adversary proceeding in this case, any document that may tend to support Proof of Claim 7, except for those documents which were attached to the Motion or to any iteration of Proof of Claim 7 filed prior to the stipulation.

27. The documents that Midland has produced to date are insufficient to demonstrate that Midland is the assignee of the debt that is the subject of the Claim.

28. Midland is barred from introducing evidence sufficient to support the assignment of its claim. *See, e.g.*, *In re Snedeker*, 2018 WL 3583047 (Bankr. M.D. Pa. July 25, 2018)(Thomas, J.)

WHEREFORE, Debtor respectfully requests that this Honorable Court disallow the proof of claim filed by Midland.

Date: November 1, 2018                    /s/ Carlo Sabatini
                                          Carlo Sabatini PA No. 83831
                                          Attorney for Debtor
                                          Sabatini Freeman, LLC
                                          216 N. Blakely St.
                                          Dunmore, PA 18512
                                          (570) 341-9000

4

Case 5:20-bk-01044-MJC    Doc 51-4    Filed 01/17/25    Entered 01/17/25 13:07:45    Desc
Case 3:15-bk-03495-JJT    Doc 89    Filed 11/01/18    Entered 11/01/18 16:39:18    Desc
Exhibit D - Schira Objection    Page 4 of 4
Main Document    Page 4 of 4